UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Rachel Wolf, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  Rachel.wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 24-11407 (VFP) |
| | : |
| Pavilion Properties, LLC, | : Chapter 11 |
| | : |
| | : The Honorable Vincent F. Papalia |
| Debtor. | : |
| | : Hearing Date: May 29, 2024 @ 10:00 am |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING SALE OF THE ESTATE'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS PURSUANT TO 11 U.S.C §§ 363(b), (f)**

Andrew R. Vara, the United States Trustee for Region 3 ("United States Trustee"), by and through his undersigned attorney, hereby files this limited objection ("Objection") to the Debtor's Motion for an Order Authorizing the Sale of the Estate's Real Property Free and Clear of All Liens Pursuant to 11 U.S.C. Section 363 (the "Motion") (ECF No. 27).  In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States

1

Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Motion, and the issues raised in this Objection.

**Preliminary Statement**

The United States Trustee objects to the Motion because it proposes to pay commissions from estate funds to completely undisclosed entities who purportedly brokered the sale of the Debtor's real property located at 70 Old Bloomfield Road, Parsippany, New Jersey (the "Property"). It appears that the Debtor seeks authority under section 363(b) to pay such commissions when other sections of the Bankruptcy Code govern the same. The Court should, therefore, deny the Motion in part concerning payment of the commissions.

**Background**

**A. The Bankruptcy Case.**

4. On February 14, 2024 (the "Petition Date"), Pavilion Properties, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. *See* ECF No. 1.

5. Since the Petition Date, the Debtor has remained in possession of its property and management of its affairs.

6. The Debtor is the owner of the Property. *See* ECF No. 27-1. The Debtor leases the Property to Kidz Ink II, Inc. d/b/a Brightpath, a daycare operator. *Id.*, at ¶ 4.

7. On February 19, 2024, the Debtor filed an application to retain Sands Investment Group, LLC (the "Broker") as real estate broker to the Debtor (the "Application"). ECF No. 8. The Debtor attached the Engagement Agreement as an exhibit to the Application. *Id.* The Engagement Agreement states that the term of representation will expire on February 29, 2024. *Id.*, Ex. A. On March 8, 2020, the Court entered an order authorizing the retention of Sands Investment Group, LLC as real estate broker to the Debtor. ECF No. 11.

8. To date, the Debtor has not sought to retain any additional professionals under section 327 to market and/or sell the Property. *See* Docket.

**B. The Sale Motion.**

9. On April 25, 2024, the Debtor filed the Motion. Pursuant to the Motion, the Debtor seeks to sell the Property to Simcha Lefkowitz (the "Purchaser") for $4.7 million. *See* ECF No. 27-1, ¶ 10.

10. By its Motion, the Debtor states that the Purchaser will pay 25% in cash and finance the remaining $3,525,000. *Id.* Notably, the Purchaser tendered a $235,000 deposit to the Debtor that is currently held in Debtor's counsel's escrow account. *Id.*, ¶ 13.

11. The Debtor asserts that the relationship with the Broker was terminated by its own terms and the Purchaser was not procured through the Broker. *Id.*, ¶¶ 5, 8. The Debtor further states that the sale is an arms' length transaction, and the "[P]urchaser was introduced to the Debtor through business contacts of the Debtor's principal." *Id.*, ¶ 21.

12. The Debtor identifies that (a) 4102-4106 New York Avenue, LLC; (b) QL Properties, LLC; and (c) Mcadoo Developers, LLC acted as consultants (the "Consultants") that "helped put the deal together." *Id.*, ¶¶ 11, 25.

3

13. As noted, the docket does not reflect that the Consultants have been retained by the estate. *See* Docket.

14. The Debtor proposes to pay commissions of $100,000 to the Consultants at closing from the sale proceeds. *Id.*, ¶ 25.

## Argument

**A. Section 363 Cannot Be Utilized to Circumvent Other Code Sections.**

15. Section 363(b)(1) of the Bankruptcy Code permits a debtor-in-possession to sell property of the estate outside the ordinary course of business. The debtor-in-possession bears the burden of proof to show that the sale is in the best interests of the creditors and the estate.

16. Similar to section 105(a),[1] section 363(b) cannot override other specific provisions of the Code. For example, debtors cannot retain and pay their chosen professionals under section 363 unless those professionals have been retained under section 327 and have filed fee applications that have been approved. Section 363(b) allows a debtor-in-possession to (subject to court approval) use, sell or lease, other than in the ordinary course of business, property of the estate, but not at the point that such activity is governed by another section of the Code. *See, In re Lionel Corp.*, 722 F. 2d 1063, 1069 (2d Cir. 1983) (holding that section 363(b) does not grant judges carte blanche to use section 363(b) to justify any action and to rule otherwise would have section 363 swallow up other provisions of chapter 11.)

17. Although the Motion relies on section 363 as authority to pay the commissions to the Consultants, the general provisions of section 363 cannot be used to evade the specific

---

[1] Section 105(a) cannot be used to override the prohibitions of another section of the Code. *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3rd Cir. 2004) ("The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself"); *see also Law v. Siegel,* 134 S. Ct. 1188, 1194 (2014) ("We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code.") (citations omitted).

4

provisions of sections 327, 330, 503(a) and (b)(1).  Simply put, a debtor cannot ignore the Code's requirements for professional retention, compensation and/or substantial contribution, and then ask the Court to approve the payment of commissions to the Consultants.  Accordingly, the Court should deny the Motion in part, specifically, the proposed commissions to the Consultants.

      **B.**      **The Consultants Failed to Seek Commissions as Payment Under Sectio 503**

18.      Section 503(b) provides, in relevant part:

> After notice and a hearing, there shall be allowed administrative expenses, including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case; [or]
>
> (2) compensation and reimbursement awarded under section 330(a) of this title.

Section 503(b)(1)(A) does not explicitly define the "actual and necessary costs of preserving the estate." 11 U.S.C. § 503(b)(1).  However, courts have narrowly construed "actual and necessary" narrowly.  *See eg. In re Molnar Bros.*, 200 B.R. 555 (Bankr. D.N.J. 1996).  Courts have further held that an expansive reading of section 503(b) would render section 327(a) meaningless and "would contravene Congress' intent in providing prior approval." *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 109 (3d Cir.1988), *cert. denied*, 488 U.S. 852 (1988).  The Third Circuit has held that "section 503(b)(1)(A) cannot be used to reimburse professionals who provided services to the estate, however it is the bright line rule . . . and 'the unavoidable consequence of the statutory requirement of prior approval.'" *In re Garden Ridge Corp.*, 326 B.R. 278, 281 (Bankr. D. Del. 2005) (*citing F/S Airlease*, at 108-09).  In addition, Local Rule 3001-1 requires the entity to file the local form. D.N.J. LBR 3001-1.  Here, the Consultants have not filed an application seeking

5

to be paid commissions as a substantial contribution to the estate, and under Third Circuit law, cannot contravene the requirements of sections 327(a) and 330.

        **C.**        **Section 330 Governs Requests for Payment in the Ordinary Course.**

19.       Section 330 of the Bankruptcy Code authorizes compensation to professionals whose employment is authorized under section 327. "It is a generally recognized rule that compensation or administrative expenses cannot be granted from the debtor's estate for professional services unless the court has authorized both the employment and the services prior to performance of the services." *In re Timberline Property Dev., Inc.*, 115 B.R. 787, 795 (Bankr. D.N.J.) (citing cases) (real estate broker who sold debtor's property was not entitled to administrative expense treatment of its commission claim as it failed to first obtain court approval). Debtors cannot retain and pay their chosen professionals when a sale occurs under section 363 unless those professionals have been retained under section 327 and their fee applications that have been approved upon notice and a hearing. Here, the Debtor has not sought to retain the Consultants under section 327(a) nor filed a fee application under section 330.

20.       The U.S. Trustee reserves any and all rights, duties and obligations found at law, equity or otherwise.

**Conclusion**

WHEREFORE, the United States Trustee requests that this Court issue an order denying the Motion in part, and/or granting such other relief as this Court deems appropriate, fair and just.

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 & 9

        By:    */s/* Rachel Wolf
                Rachel Wolf
                Trial Attorney

Dated: May 16, 2024