**WILENTZ, GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
DAVID H. STEIN, ESQ. (DHS-8514)
*Attorneys for Global Bank, the secured creditor*

---------------------------------------------------- x
In re:                                              :    UNITED STATES BANKRUPTCY COURT
                                                    :    FOR THE DISTRICT OF NEW JERSEY
PAVILION PROPERTIES, LLC,                           :
                                                    :    Chapter 11
      Debtor.                                   :
                                                    :    Case No.: 24-11407-VFP
                                                    :
                                                    :    Hearing Date:  May 29, 2024
                                                    :                  at 10:00 a.m.
                                                    :
                                                    :    Judge: Hon. Vincent F. Papalia
----------------------------------------------------x

### LIMITED OBJECTION OF GLOBAL BANK TO DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL ESTATE SITUATED AT 70 OLD BLOOMFIELD AVE., PARSIPPANY, NEW JERSEY, FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. ¶¶ 105, 363(b) & (f)

    Global Bank ("Global"), by and through its counsel, Wilentz, Goldman & Spitzer, P.A., hereby files its limited objection to the Debtor's Motion to Authorize Sale of Real Estate Situated at 70 Old Bloomfield Ave., Parsippany, New Jersey, Free and Clear of Liens Pursuant to 11 U.S.C. ¶¶ 105, 363(b) & (f) (the "Motion") and states as follows:

    1.    On February 14, 2024 (the "Petition Date"), Pavilion Properties, LLC (the "Debtor") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of New Jersey.

    2.    On April 25, 2024, Debtor filed the within Motion to sell the real property located at 70 Old Bloomfield Avenue, Parsippany, New Jersey 07054 (the "Property").

3. Global holds a valid, perfected, security interest in the Property pursuant to a Mortgage Note dated July 13, 2018 (the "Note"), and certain loan documents including, but not limited to, a Mortgage and Security Agreement (the "Mortgage") of even date recorded in the Office of the Clerk of Morris County on September 25, 2018 in MRG OR Book 23421, Page 3 as File Number 2018053941, as well as an Assignment of Rents and Leases of even date recorded in the Office of the Clerk of Morris County on September 25, 2018 in ASRM-OR Book 23421, Page 30 as File Number 2018053942 (the "Global Loan Documents"). True and correct copies of the Note and Mortgage are attached hereto as **Exhibit "A"** and **Exhibit "B",** respectively.

4. Global is owed, as of February 14, 2024, no less than the sum of $3,002,856.28 exclusive of accrued interest, attorneys' fees and costs. A true and correct copy of Global's filed Second Amended Proof of Claim is attached hereto as **Exhibit "C".**

5. Global holds a judgment of foreclosure entered in the Superior Court of New Jersey against the Debtor and the Property. A true and correct copy of the Final Judgment of Foreclosure (the "Foreclosure Judgement") is attached hereto as **Exhibit "D".**

6. As a result of the entry of the Foreclosure Judgment and issuance of a Writ of Execution, commissions are owed to the Sheriff of Morris County, New Jersey. True and correct copies of the Writ of Execution and the Notice of Sale are attached hereto as **Exhibit "E"** and **Exhibit "F",** respectively.

7. Global does not object to the disposition of the Property, and has no objection to the proposed buyer, *per se*.

#14469653.1 175116.001

2

8. Global does, however, object to the proposed sale to the extent to which the proposed sale does not clearly and unequivocally require payment in full of all amounts due to Global under the Global Loan Documents, at closing of title.

9. Global further objects to the proposed sale to the extent to which the proposed sale does not specifically and unequivocally provide for payment of Sheriff's commissions due and owing to the Sheriff of Morris County in connection with the listing and scheduling of the foreclosure sale of the Property, which had been scheduled pre-petition.

10. Global also objects to the proposed sale to the extent to which the proposed sale does not specifically and unequivocally provide for payment of Global's post-petition attorneys' fees, costs and charges in accordance with 11 U.S.C. §506 (b) and the Loan Documents, since clearly, as evidenced by the proposed sale price and the Foreclosure Judgment, Global is an over-secured creditor and is entitled to recovery of its fees, costs and charges, both by statute and pursuant to the Global Loan Documents. See, Note at ¶ 2 (pg. 3); and Mortgage at ¶ F.4 and ¶ G.

11. In addition, Global notes that the Purchase and Sale Agreement attached as Exhibit "A" to the Motion (the "Agreement") provides at section 2.3(a) that:

> Buyer shall have forty-five (45) days from the Effective Date hereof in which to conduct its due diligence (the "**Due Diligence Period**"). Prior to completion of the Due Diligence Period, in the event Buyer deems an aspect of due diligence to be unsatisfactory, the Buyer shall notify the Seller of unsatisfactory conditions and allow Seller a reasonable time to cure defects. In the event defects are not cured, then Buyer shall be entitled to terminate the contract and Earnest Deposit shall be returned.

As the Effective Date of the Agreement is April 18, 2024, the Due Diligence Period will not expire until June 2, 2024, which is after the May 29, 2024 return date of Debtor's Motion. It is

submitted that the proposed purchaser should waive the due diligence condition commensurate with the return date of the Motion.

12. Global further notes that the Agreement provides at section 2.3(f) that:

> Further, Buyer's obligations herein are contingent on the Buyer's obtaining financing to pay the balance on the Purchase price. The Buyer must present to the Seller a binding commitment for financing within sixty (60) days from the Effective Date (the "**Financing Contingency Period**"). The terms of the financing shall be in the principal amount of Three Million Five Hundred Twenty Five Thousand Dollars ($3,525,000.00) and at prevailing commercial financing rates. Upon expiration of the Financing Contingency Period, the Earnest Deposit shall be nonrefundable.

As the Effective Date of the Agreement is April 18, 2024, the Financing Contingency Period will not expire until June 17, 2024, which is after the May 29, 2024 return date of Debtor's Motion. It is submitted that expiration of the Financing Contingency Period should be commensurate with the return date of the Motion.

13. The amount of the payment to Global at closing will be pursuant to a payoff statement timely issued by Global.

14. Finally, given that the Chapter 11 is ongoing, and despite discharge of its security, Global requests that following closing and payoff, a $10,000.00 escrow be established for the benefit of Global to review and appear in the bankruptcy case, to preserve and protect Global's position, and to cover any legal fees incurred by Global in closing out the bankruptcy case.

WHEREFORE, Global Bank respectfully requests that the Court enter an order granting the Motion but subject to the following conditions: (1) that Global shall be paid the full amount of its claim, pursuant to a payoff statement to be issued by Global prior to closing, from the sale proceeds realized from a Court approved sale of the Property; (2) that any amount due and

Case 24-11407-VFP    Doc 32    Filed 05/21/24    Entered 05/21/24 12:38:23    Desc Main
Document    Page 5 of 5

owing to the Sheriff of Morris County for commissions due as the result of the pre-petition scheduled foreclosure sale shall be paid from the sale proceeds at closing, either through payment to Global or through payment made directly to the Sheriff of Morris County; (3) that Global shall be paid the full amount of post-petition attorneys' fees, costs and charges from the sale proceeds realized from a Court approved sale of the Property; (4) that the proposed purchaser of the Property under the Agreement shall waive any due diligence as of the return date of the Motion; (5) that the Financing Contingency Period shall be commensurate with the return date of the Motion; (6) that a $10,000.00 escrow be established for the benefit of Global; and (7) for such other and further relief as this Court deems appropriate.

          Respectfully submitted,

          **WILENTZ, GOLDMAN & SPITZER, P.A.**
          Attorneys for Global Bank

          */s/ David H. Stein*
By:
          David H. Stein, Esq.

Dated: May 21, 2024

#14469653.1 175116.001

5